### ZIEGFRIED v. STEIN et al.

(Supreme Court, Appellate Term. June 29, 1909.)

BILLS AND NOTES (§ 437*)—RELEASE OF MAKER—EFFECT ON INDORSER.

Where the holder of a note released the maker, and reserved no right of recourse against the payee and indorser, secondarily liable thereon, such indorser was also discharged, under Negotiable Instruments Law (Laws 1897, c. 612, p. 744) § 201, subd. 5, providing that a person secondarily liable is discharged by a release of the principal debtor, unless recourse against the party secondarily liable is expressly reserved.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 437.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Aszer Ziegfried against Joseph Stein and others. Judgment for plaintiff, and defendants appeal. Reversed and dismissed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Joseph P. Friedman, for appellants.

Samuel Markewick, for respondent.

SEABURY, J. The plaintiff sues upon a promissory note to recover the sum of $310. The note was made by one Geitzholtz, and was made payable to the order of J. Stein, the defendant. The plaintiff claims he was an accommodation indorser upon the note, and that he indorsed it subsequent to the indorsement by the defendant. The note was made and delivered December 23, 1907, and by its terms was to become due in four months from its date. The defendant proved that the plaintiff gave Geitzholtz, the maker, the following release:

"City of New York, March 2, 1908.

"In consideration of the sum of one dollar, I do hereby release said Sam Geitzholtz from any claim whatsoever, and for any claims on the saloon premises in No. 295 E. 3d St. N. Y. City, all the furniture belonging there, with the exception of the household furniture, known as a partition case, a piano, and some stuff in the cellars."

This release was signed by the plaintiff and witnessed by two witnesses. It will be observed that there is nothing in this release which reserved the plaintiff's right of recourse against the defendant Stein, who was secondarily liable upon the note. When the plaintiff released the maker, he discharged the defendant from his obligation upon the note. Negotiable Instruments Law (Laws 1897, p. 744, c. 612) § 201.

Judgment reversed, with costs, and complaint dismissed. All concur.